Case No.: *4414.014*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**FILED**

JAMES J. VILT, JR. - CLERK

APR 1 3 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**Samuel Joseph Means,**
    Plaintiff,

v.

**Metro Council District 17, Markus Winkler, Anthony Piagentini, Next Step Development Inc, Mayor Seth Greenburg, Berrytown Community Land Trust**
    Defendant.

3:26CV-153-JHM
SJM

Case No.: ~~4414.014~~

Judge Joseph H. McKinley Jr., Senior Judge

## COMPLAINT AND REQUEST FOR INJUNCTION

**NOTICE TO PRO SE FILER:** All bracketed fields marked [LIKE THIS] must be completed with accurate, specific facts before this document is filed with the Court. Filing an incomplete complaint may result in dismissal. Plaintiff is strongly encouraged to contact the Legal Aid Society of Louisville at (502) 584-1254 or the U.S. Attorney's Civil Rights Program at (502) 582-6023 before filing.

## I. THE PARTIES TO THIS COMPLAINT

A. The Plaintiff

**Name:** Samuel Joseph Means

**Street Address:** 13708 Poplar Leaf Way Apartment 301

**City / State / Zip:** Louisville (Berrytown), Kentucky 40223

**Telephone:** 502-593-1185

**Email:** samuelmeans29@yahoo.com

B. The Defendant

**Name:** Next Step Development, Louisville Metro Council District 17, Louisville Mayor, Berrytown Community Land Trust

**Street Address:** 2005 Longest Avenue

**City / State / Zip:** Louisville. Ky. 40204

**Telephone:** 502-694-1976

## II. BASIS FOR JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The following federal statutes and constitutional provisions are at issue in this case:

### A. United States Constitutional Provisions:

1. Fourteenth Amendment — Equal Protection Clause: Defendant's actions deny Berrytown residents equal protection of the laws on the basis of race.

2. Fourteenth Amendment — Due Process Clause: Predatory acquisition of heirs' property deprives Plaintiff of property rights without due process of law.

3. Thirteenth Amendment: The systematic dispossession of land from a community founded by formerly enslaved persons implicates the badges and incidents of slavery.

### B. Federal Statutes:

4. 42 U.S.C. § 1982 — Property Rights of Citizens: All citizens shall have the same right as white citizens to inherit, purchase, lease, sell, hold, and convey real property.

5. 42 U.S.C. § 1981 — Equal Rights Under the Law: All persons shall have the same right to make and enforce contracts as enjoyed by white citizens.

6. 42 U.S.C. § 1983 — Civil Action for Deprivation of Rights: Enforcement mechanism for constitutional violations where defendant acts under color of state law or in concert with government actors.

| 2 | **Civil Rights Act of 1866 42 U.S.C. § 1982** | All citizens have the SAME RIGHT as white citizens to inherit, purchase, lease, sell, hold, and convey real property. This statute was written for people like Alfred Berry. It protects the spatial claim he made in 1874 and every generation since. |
|---|---|---|
| 3 | **Nat'l Historic Preservation Act 54 U.S.C. §§ 300101 et seq., § 106** | Any federally connected project affecting a property eligible for the National Register of Historic Places requires a Section 106 review BEFORE proceeding. Berrytown is a Reconstruction-era Freedmen's settlement — no review was conducted. |
| 4 | **Title VI — Civil Rights Act of 1964 42 U.S.C. § 2000d** | NO federal funding may be used to discriminate on the basis of race. If any federal dollars, permits, tax credits, or HUD resources are connected to this development, their use to displace Black residents of a Freedmen's settlement violates Title VI. |
| 5 | **Fifth Amendment Takings Clause Via 42 U.S.C. § 1983** | Government approvals and public resources cannot be used to eliminate 150 years of Black spatial reclamation without just compensation. Where government action enables the taking of heirs' property or destroys a historic community, the Takings Clause applies. |

**The Spatial Reclamation Framework:** These five statutes together form a unified legal framework for spatial reclamation — the right of a historically Black Freedmen's community to assert, maintain, and recover its physical and cultural claim to land purchased, built, and held by descendants of formerly enslaved persons. Berrytown was founded in 1874 as an act of spatial reclamation by Alfred Berry. This complaint asks this Court to protect that claim under the full force of federal law.

United States District Court — Western District of Kentucky

7. 42 U.S.C. § 1985 — Conspiracy to Interfere with Civil Rights: Applies where corporate developers coordinate to accelerate displacement of Berrytown's Black residents.

8. Fair Housing Act, 42 U.S.C. §§ 3601–3619 (Title VIII, Civil Rights Act of 1968): Prohibits racial discrimination in the sale, rental, and financing of housing, including disparate impact discrimination.

9. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d: Prohibits discrimination on the basis of race in any program receiving federal financial assistance.

10. National Historic Preservation Act (NHPA), 54 U.S.C. §§ 300101 et seq., Section 106: Requires federal agencies to consider effects on historic properties for any federally funded, permitted, or licensed project. Berrytown is a Reconstruction-era Freedmen's settlement eligible for National Register listing.

11. Housing and Community Development Act, 42 U.S.C. § 5309: Prohibits discrimination in Community Development Block Grant programs where federal funds benefit the project.

## III. STATEMENT OF CLAIM

### A. Where did the events giving rise to your claim(s) occur?

The events giving rise to this complaint occurred in the Berrytown neighborhood of Louisville, Jefferson County, Kentucky, located along English Station Road in eastern Jefferson County. Berrytown is a historically Black community founded in 1874 by Alfred Berry, a formerly enslaved man who purchased land in Jefferson County following emancipation. The Berrytown community has existed continuously for over 150 years as a Reconstruction-era Freedmen's settlement. Plaintiff, Samuel Means, is a lifelong Black resident of Berrytown and resides at 13708 Poplar Leaf Way, Louisville, Kentucky 40223.

**B. What date and approximate time did the events giving rise to your claim(s) occur?**

These events have been ongoing and are continuing at the present time. Specifically:

The Louisville Metro Government began [aquiring land / approaching residents / submitting development applications] on or around April 2023.

The development project was approved by [Louisville Metro Planning Commission / Louisville Metro Council] on or around April 2023.

Construction began or is actively underway as of 04/13/2026.

Plaintiff first became aware of the direct threat to his property and community on or around April 2023.

Plaintiff received [unsolicited buy-out offers / notices / developer communications] on or around May 2022.

**C. What are the facts underlying your claim(s)?**

**CLAIM 1 — RACIAL DISCRIMINATION IN HOUSING**

(Fair Housing Act, 42 U.S.C. §§ 3601–3619; 42 U.S.C. § 1982; 42 U.S.C. § 1981; Fourteenth Amendment Equal Protection)

I am Samuel Means, a lifelong Black resident of Berrytown, Louisville, Kentucky. I have lived in this community my entire life at 12600 Hiawatha Avenue. Berrytown was founded in 1874 by Alfred Berry. My Paternal Great Great Grandfather, a freed slave, and has remained a predominantly African-American community for over 150 years. My family has been part of this community for generations the beginning.

The Defendant, Next Step Development, a corporate developer located at 2005 Longest Avenue, Louisville, Ky. 40204 has proposed and received approval for a development project at English Station Road and Heafer Road in Berrytown. The project involves construction of Apartments, Pre Fabricated Houses. This housing is being priced at 275,000- 325,000, which is far beyond what existing Black residents of Berrytown can afford based on the neighborhood's median household income of approximately 22,000 .

The direct and foreseeable effect of Defendant's development is the displacement of Black residents who have lived in this community for over 150 years. I have personally [received unsolicited buy-out offers / been approached by agents of the developer / received formal notices] on or around October 2023. The offers for what should be affordable Housing that stays within the History of the Neighborhood were for approximately $275,000- 325,000, which is far above the actual market value of Affordability for the lifelong Residents of this Community and will continue to change the demographics of the Neighborhood. It also will push the Property Taxes up for those who are Elderly and have lived their entire life in Berrytown. This is going to put undo duress on our Seniors. The City has gotten by with changing the total Demographics when it put the Avoca Road Apartments, Which Avoca Road has never been a part of Berrytown other than to be a place we as Children knew not to walk on unless we wanted to be harassed and Racially Profiled by Anchorage Police who wouldn't police the Berrytown Area for help but only to harass us. And these Apartments only have about a 4 percent African American population. property estimated at .

Other Berrytown residents, , have also been approached with predatory buy-out offers and are at risk of displacement. Defendant's pattern of targeting historically Black residents with below-market offers while developing housing priced above our means constitutes racial discrimination in housing in violation of the Fair Housing Act and 42 U.S.C. § 1982.

## CLAIM 2 — HEIRS' PROPERTY — THREAT TO PROPERTY RIGHTS

(42 U.S.C. § 1982; Fourteenth Amendment Due Process; Thirteenth Amendment)
The home I occupy at 12600 Hiawatha Ave has been in my family since approximately 1972. The property has passed through generations of my family without formal probate or a clear deed recorded in my name. This type of property, known as heirs' property, is common in historically Black communities where families were historically excluded from legal and financial systems that would have allowed formal estate planning.

Because I do not hold clear legal title, I am particularly vulnerable to predatory practices by corporate developers who target heirs' property owners. Defendant Metro Council and City of Louisville, and Next Step Development, Community Land Trust and/or their agents have [describe specific contact — offers, legal notices, partition threats, or other actions directed at

Berrytown property's or family members' properties]. The threat of forced partition or acquisition of my heirs' property would permanently strip me and my family of land we have occupied, maintained, and called home for approximately 150 years.

The targeting of heirs' property owners in Berrytown — a community founded by freed slaves — by a corporate developer seeking to build unaffordable housing implicates the badges and incidents of slavery under the Thirteenth Amendment and violates the property rights guaranteed to all citizens under 42 U.S.C. § 1982.

## CLAIM 3 — DESTRUCTION OF HISTORIC AND CULTURAL PROPERTY — FAILURE TO CONDUCT SECTION 106 REVIEW

(National Historic Preservation Act, 54 U.S.C. §§ 300101 et seq., Section 106; 36 C.F.R. Part 800)

Berrytown is a Reconstruction-era Freedmen's settlement that meets the criteria for listing on the National Register of Historic Places. Founded in 1874, it is one of the oldest continuously occupied African-American communities in Kentucky. The community includes the Berrytown Cemetery, where generations of founding families — including descendants of Alfred Berry — are buried. It includes historic structures dating to the late nineteenth century and has a Kentucky State Historical Marker (Marker #1982) recognizing its significance.

Defendant's development [has already demolished / threatens to demolish / materially alters the historic setting of] [SPECIFIC STRUCTURES, PARCELS, OR AREAS]. To my knowledge and belief, no Section 106 review under the National Historic Preservation Act was conducted prior to the approval and commencement of this project, despite the fact that Berrytown is eligible for National Register listing and despite the project's clear potential for adverse effects on historic properties.

I was not notified of, nor given any opportunity to participate in, any Section 106 consultation process. The failure to conduct a mandatory Section 106 review before approving and commencing this federally connected or permitted development is a violation of 54 U.S.C. § 306108 and its implementing regulations at 36 C.F.R. Part 800.

## CLAIM 4 — UNLAWFUL USE OF PUBLIC FUNDS TO DISPLACE BLACK RESIDENTS

(Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; Fair Housing Act, 42 U.S.C. § 3604; 42 U.S.C. § 5309)

I allege and believe that Defendant's all parties listed has received or sought public funding, tax credits, permits, licenses, Community Development Block Grant funds, HUD-related assistance, tax increment financing, or other government resources in connection with this development project. .

If public funds have been used or will be used to assist a development that displaces Black residents of a historically Black neighborhood priced out of the resulting housing, such use violates Title VI of the Civil Rights Act of 1964, and Spatial Reclamation which prohibits racial discrimination in any program receiving federal financial assistance, and the Fair Housing Act's prohibition on practices that have a discriminatory effect on the basis of race.

I respectfully request that this Court order full disclosure of any public funding, permits, licenses, tax credits, or government assistance connected to this project as part of the relief sought.


## IV. IRREPARABLE INJURY

Money damages cannot adequately compensate me for what I stand to lose and am already losing as a result of Defendant's actions. My connection to Berrytown is not a financial one that can be measured in dollars alone. The following explains why monetary compensation at a later time would be wholly inadequate:

> First, my family has lived in Berrytown for generations. My family's history in this community stretches back to the era of Reconstruction. Once displaced, I cannot return, because the housing Defendant is building is priced far beyond what I or my neighbors can afford.

> Second, the Berrytown Cemetery, where generations of founding families are buried, faces threat from this development. A cemetery, once encroached upon or destroyed, cannot be restored. No monetary award after the fact can return the graves of my ancestors.

Third, historic structures in Berrytown, once demolished, are permanently lost. The destruction of physical evidence of a 150-year-old Freedmen's settlement cannot be undone by a damages award.

Fourth, my heirs' property, once lost through forced partition or predatory acquisition, cannot be recovered. The land my family has occupied for generations will be gone permanently.

Fifth, the community of Berrytown itself — a living, breathing Reconstruction-era Freedmen's settlement with over 150 years of continuous Black presence — once dismantled by displacement, cannot be rebuilt. The annual Berrytown Homecoming, the multigenerational relationships, and the cultural continuity of this place are irreplaceable.

Sixth, every day that construction continues, the harm deepens and becomes more permanent and irreversible. The balance of equities strongly favors an immediate injunction to preserve the status quo pending resolution of this case.

For all these reasons, monetary damages at a later time would not adequately compensate Plaintiff for the injuries sustained, being sustained, and that will be sustained absent immediate injunctive relief.


## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court grant the following relief:

**1. Preliminary and Permanent Injunction —**
Immediately halt all construction, land clearing, demolition, grading, and any other development activity by Defendant [DEVELOPER NAME] at [PROJECT LOCATION] in Berrytown, Louisville, Kentucky, pending full resolution of this case.

**2. Void and Vacate Project Approval —**
Order that the development approval granted by [Louisville Metro Planning Commission / Louisville Metro Council] on [DATE] be vacated and set aside until: (a) a full Section 106 historic preservation review is conducted and completed; and (b) a full racial impact and anti-displacement assessment is conducted consistent with the Fair Housing Act.

## 3. Mandatory Section 106 Review —

Order that Defendant and any cooperating federal or federally-connected agencies immediately initiate and complete a Section 106 review under the National Historic Preservation Act, 54 U.S.C. § 300101 et seq., to assess the impact of this development on Berrytown's historic and cultural properties, with full public notice and opportunity for community participation.

## 4. Block Public Funds —

Order that no public funds, tax credits, grants, land, permits, licenses, tax increment financing, or government resources of any kind be provided to Defendant in connection with this project unless and until it is demonstrated that the project will not displace existing Berrytown residents and meets affordability standards based on the neighborhood's actual median income.

## 5. Heirs' Property Protection Order —

Order that Defendant be immediately enjoined from acquiring, initiating partition actions against, placing liens upon, or otherwise taking any legal or physical action to deprive heirs' property owners in Berrytown of their land or possession pending full resolution of this case.

## 6. Historic District Designation Review —

Order that the appropriate federal, state, and local authorities conduct an expedited review of Berrytown's eligibility for listing on the National Register of Historic Places and for designation as a local historic district, and that no further development approvals be granted in Berrytown pending completion of that review.

## 7. Actual Damages —

Plaintiff seeks actual damages in the amount of $3,000,000,000 for [describe specific financial harm — diminished property value, costs incurred in responding to developer pressure, emotional distress, and other direct harms]. These amounts are based on what the parties listed say the value of Properties and Land.

## 8. Punitive Damages —

Plaintiff seeks punitive damages because Defendant's conduct was deliberate, willful, and targeted a community of descendants of formerly enslaved persons with full knowledge

of Berrytown's historic and cultural significance. Defendant's actions represent the kind of egregious, racially discriminatory conduct that warrants deterrence through punitive damages. Plaintiff requests punitive damages in an amount no less than $[AMOUNT] to be determined by the Court.

**9. Attorney's Fees and Costs —**

Plaintiff requests an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 (Civil Rights Attorney's Fees Awards Act) and the Fair Housing Act, 42 U.S.C. § 3613(c)(2).

**10. Declaration That Wrongs Are Continuing —**

The wrongs described in this complaint are continuing at the present time. The development project is actively underway. Residents continue to receive predatory buy-out offers. The threat to heirs' property owners is active and immediate. Injunctive relief is required now to prevent permanent, irreparable harm to Plaintiff and the Berrytown community.

**11. Any Other Relief —**

Such other and further relief as this Court deems just, equitable, and proper under the circumstances.

---

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Signature: _____

**Printed Name:** Samuel Joseph Means

**Address:** 13708 Poplar Leaf Way, Apartment 301 Louisville, KY 40223

**Telephone:** 502-593-1185

**Email:** samuelmeans29@yahoo.com

**Date:** [DATE FILED]04/13/2026

---

## IMPORTANT: FREE LEGAL ASSISTANCE AVAILABLE — CALL BEFORE FILING

**Legal Aid Society of Louisville:** (502) 584-1254 | 416 W. Muhammad Ali Blvd., Suite 300, Louisville, KY 40202 | Mon–Thu 9AM–5PM

**U.S. Attorney's Office — Civil Rights Program (Western District of KY):** (502) 582-6023 | usakyw.civilrights@usdoj.gov

**NAACP Legal Defense Fund:** (212) 965-2200 | naacpldf.org

**University of Louisville Brandeis School of Law — Civil Rights Clinic:** (502) 852-6391